FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 12 2017

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**RAYMOND BUFORD, Individually and on
Behalf of Others Similarly Situated**     **PLAINTIFF**

vs.     No. 4:17-cv-_323 - SWW_

This case assigned to District Judge _Wright_
and to Magistrate Judge _Harris_

**SUPERIOR ENERGY SERVICES, LLC,
COMPLETE ENERGY SERVICES, INC., and
TEXAS CES, INC. d/b/a SPN WELL SERVICES a/k/a
MERCER WELL SERVICES**     **DEFENDANTS**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Raymond Buford, individually and on behalf of all others similarly situated, by and through his attorneys Dominique King and Josh Sanford of Sanford Law Firm, PLLC, for his Original Complaint—Collective Action against Defendants Superior Energy Services, LLC, Complete Energy Services, Inc., and Texas CES, Inc. d/b/a SPN Well Services, a/k/a Mercer Well Services (collectively "Defendants"), and in support thereof he does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff Raymond Buford on behalf of himself and on behalf of other similarly situated persons employed by Defendants at any time within the three-year period preceding filing of this Complaint.

2. Plaintiff alleges that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, et seq. ("AMWA"), when Defendants failed to pay Plaintiff and others similarly situated

overtime premiums for hours worked in excess of forty (40) per week when they were employed as "Field Supervisors."

3. The proposed Section 216 class is composed entirely of employees who are or were Field Supervisors for Defendants, who, during the applicable time period, work/worked for Defendants and are/were denied their fundamental rights under applicable federal wage and hour laws. This collective action seeks the unpaid wages and other damages owed to these workers.

4. Plaintiff brings this action under the FLSA and AMWA for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees, as a result of Defendants' commonly applied policy and practice of failing to pay Plaintiff and all others similarly situated overtime compensation for the hours in excess of forty hours in each week that they were/are made to work.

5. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants has willfully and intentionally committed violations of the FLSA and AMWA as described, *infra*.

6. Additionally, this is an employment discrimination action brought under the Family and Medical Leave Act of 1993 ("FMLA).

7. Defendant interfered with Plaintiff's federal employment rights under the FMLA and retaliated against him for asserting rights afforded to him under the FMLA.

8. Those violations of the FMLA ultimately led to Plaintiff's termination of employment.

## II. JURISDICTION AND VENUE

9. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

10. This Complaint also alleges violations of the AMWA, which arise out of the same set of operative facts as the federal cause of action herein alleged; accordingly, this state cause of action would be expected to be tried with the federal claim in a single judicial proceeding.

11. This Court has supplemental jurisdiction over Plaintiffs' state law claim pursuant to 28 U.S.C. § 1367(a).

12. The acts complained of herein were committed and had their principal effect against the named Plaintiff herein within the Western Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

13. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

14. Plaintiff Raymond Buford is a resident and citizen of Columbia County, Arkansas.

15. Plaintiff's employment began with Defendants or their predecessor on October 12, 1992. At all times relevant herein, Plaintiff was an "employee" as defined by the Fair Labor Standards Act, 29 U.S.C. § 201 et seq, and the Family and Medical Leave Act of 1993.

16. Defendant Superior Energy Services, LLC, is a foreign limited liability company organized under the laws of Louisiana, registered to conduct business in Arkansas, and may be served through its registered agent for service of process The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

17. Defendant Complete Energy Services, Inc., is a foreign for-profit corporation, organized under the laws of Oklahoma, registered to conduct business is Arkansas, and may be served through its registered agent for service of process The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

18. Defendant Texas CES, Inc., is a foreign for-profit corporation organized under the laws of Texas, registered to conduct business in Arkansas, and may be served through its registered agent for service of process The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

19. Defendants employed fifty (50) or more employees for each working day during each of twenty or more calendar workweeks in the year of the wrongful acts.

## IV. REPRESENTATIVE ACTION ALLEGATIONS

13. Plaintiff Raymond Buford brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all similarly situated Field Supervisors who were or are employed by Defendants and were not paid overtime premiums at any time within the applicable statute of limitations period.

14. Plaintiff is unable to state the exact number of the class. Defendants can readily identify the members of the class, who are a certain portion of the current and former employees of Defendants.

15. The names and physical and mailing addresses of the probable FLSA collective action Plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action Plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

16. The email addresses of many of the probable FLSA collective action Plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action Plaintiffs via email to their last known email address as soon as possible.

17. Field Supervisors are by definition not at their residences as frequently as many other working-class Americans. As such, they rely on email just as much or more so than typical wage earners, who themselves live their lives with a growing dependence upon email as opposed to traditional U.S. Mail.

18. The proposed FLSA class members are similarly situated in that they have been subject to uniform practices by Defendants which violated the FLSA, including Defendants' failure to pay members of the class lawful overtime compensation in violation of the FLSA, 29 U.S.C. § 201 *et seq*.

19. Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the opt-in class is properly defined as:

> **All persons employed by Defendants as Field Supervisors at any time since May 12, 2014.**

## V. FACTUAL ALLEGATIONS

20. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

21. Plaintiff was an employee of Defendants within the last three years.

22. At all times relevant to this Complaint, Defendants have been an employer and an enterprise engaged in commerce within the meaning of the FLSA. Defendants have employees engaged in interstate commerce.

23. Defendants have an annual gross volume of sales made or business done of not less than $500,000.00. In addition, at all times hereinafter mentioned, Plaintiff was engaged in commerce as required by 29 U.S.C. §§ 206-207.

24. From January of 2012 until November of 2015, Raymond Buford was employed by Defendants as a Field Supervisor and was paid a salary plus a non-discretionary bonus, but did not receive overtime compensation for all hours worked in excess of forty (40) in a workweek.

25. Plaintiff routinely worked in excess of forty hours per week.

26. During Plaintiff's employment as a Field Supervisor, Defendants paid all such employees a salary, and also paid them a non-discretionary bonus, which it referred to as the "day bonus."

27. Defendants violated the FLSA by failing to pay Plaintiff and similarly situated Field Supervisors overtime premiums for all hours worked in excess of forty (40) per week.

28. As a Field Supervisor, Raymond Buford's primary job duty was manual labor. He worked on a small rig, laying pipe for wells, which involved loading tools,

transporting them to the job site, and performing the piping operations at the site. When the job was completed, Plaintiff transported the equipment back to the shop and ensured that it was ready for the next job.

29. Plaintiff and other Field Supervisors were not required to have any special education or specialized knowledge to perform his job.

30. Defendants' Field Supervisors, including Plaintiff, were required to be physically fit and strong enough to perform the manual labor required by their primary job duties.

31. Plaintiff and the other Field Supervisors were and are entitled to 1.5 times their regular rate of pay for hours worked in excess of 40 in a week.

32. Defendants knew, or showed reckless disregard for whether, the way it paid Plaintiff and its other Field Supervisors violated the FLSA.

33. Defendants' Field Supervisors routinely use hard hats, drilling equipment, lubricators, ladders, wrenches, and other tools, in performing their job duties. Thus its employees used, handled, sold, and/or worked on, goods or materials that were produced for or traveled in interstate commerce.

34. At all relevant times herein, Defendants have maintained a place of business in Arkansas.

35. At all relevant times herein, Defendants were the "employers" of Plaintiff within the meaning of all applicable federal statutes and implementing regulations, including the FMLA.

36. At all relevant times herein, Plaintiff was an "employee" of Defendants within the meaning of all applicable federal statutes and implementing regulations, including the FMLA.

37. Defendants violated 29 U.S.C. § 2615(a) by taking unlawful steps of interfering with, restraining or denying the exercise of or the attempt to exercise, Plaintiff's rights under the FMLA.

38. Defendants denied Plaintiff leave under the FMLA, laid Plaintiff off, then subsequently terminated him on November 30, 2015.

39. Plaintiff was improperly denied leave, and he was suspended and then terminated as a result of requesting leave to care for his spouse for a period that began on or about October 21, 2015.

40. Plaintiff maintained his employment throughout the time period in question.

41. Plaintiff's wife was diagnosed with stage-four lung cancer on April 16, 2015. Plaintiff notified Defendants on October 21, 2015, that he needed to take FMLA leave because after his wife had gone through several rounds of chemo therapy, she needed him to attend doctor appointments and be home to care for her.

42. Plaintiff requested leave under the FMLA to care for his wife on October 21, 2015. Before Plaintiff could get the FMLA paperwork, Defendant's told Plaintiff he was laid off and could choose to be demoted to an inferior position, making only $20.00 per hour.

43. Plaintiff declined to take the demotion, and Defendants then made Plaintiff take two weeks of vacation time while to receive pay while he was laid off, beginning on November 16, 2015.

44. Plaintiff was terminated at the end of his two-week vacation period on November 30, 2015.

## VI. FIRST CAUSE OF ACTION

### (Collective Action Claim for Violation of the FLSA)

45. Plaintiff repeats and re-alleges all previous paragraphs of this Original Complaint as though fully incorporated herein.

46. Plaintiff Raymond Buford brings this collective action on behalf of all similarly situated persons who were or are employed by Defendants as Field Supervisors at any time within the applicable statute of limitations period and were not paid overtime premiums for all hours worked in excess of forty (40) per week.

47. Plaintiff and all other similarly situated Field Supervisors were non-exempt employees entitled to overtime premiums for all hours worked in excess of forty (40) hours per week.

48. Plaintiff and other Field Supervisors regularly worked more than 40 hours per week.

49. Defendants failed to pay these workers overtime. Instead, Defendants paid (and pays) Plaintiff and all similarly situated employees a salary plus non-discretionary bonuses.

50. By reason of the unlawful acts alleged herein, Defendants is liable to Plaintiff and all those similarly situated for monetary damages, liquidated damages, and

costs, including attorney's fees, for all violations that occurred in the three years prior to the filing of this Complaint.

## VII. SECOND CAUSE OF ACTION

### (Individual Claim for Violation of the FLSA)

51. Plaintiff repeats and re-alleges all previous paragraphs of this Original Complaint as though fully incorporated herein.

52. Defendants violated the overtime provisions of the FLSA by failing to pay Plaintiff overtime premiums for all hours worked in excess of forty (40) per week.

53. Defendants is liable to Raymond Buford individually for the violations described in the class claim section, above.

54. Additionally, Plaintiff is entitled to an amount equal to his unpaid wages as liquidated damages, as well as reasonable attorney's fees and the costs of this action.

## VIII. THIRD CAUSE OF ACTION

### (Individual Claim for Violation of AMWA)

45. Plaintiff repeats and re-alleges all the preceding paragraphs of the Complaint above, as if fully set forth herein.

46. Defendants failed to pay Plaintiff the minimum wages required under the AMWA.

47. Defendants' conduct and practice, as described above, are and/or were willful, intentional, unreasonable, arbitrary and in bad faith.

48. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorney's fees provided by the AMWA.

## IX. FOURTH CAUSE OF ACTION

## (Individual Claim for Violation of FMLA)

49. Plaintiff repeats and re-alleges all previous paragraphs of his Complaint as though fully incorporated in this section.

49. As a direct and proximate result of Defendants' violations of the FMLA, Plaintiff has suffered damages, including, but not limited to loss of employment, lost wages and salary, benefits, interest in all amounts he would have received calculated at their prevailing rate, and attorneys' fees and costs, and Plaintiff is reasonably expected to incur future additional reasonable attorneys' fees and expert witness fees and costs in this action.

50. Pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), Plaintiff is entitled to and seeks an additional amount as liquidated damages equal to the sum of his lost wages or salary, benefits or other compensation denied or loss to him by reason of Defendant's violations of the FMLA, plus any interest he is entitled to for these causes, because Defendant's violations were not in good faith and Defendant had no reasonable grounds for believing that its actions were not in violation of § 2615 of the FMLA.

## X. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Raymond Buford, individually and on behalf of all others similarly situated, respectfully prays as follows:

(a) That each Defendant be summoned to appear and answer herein;

(b) That Defendants be required to account to Plaintiff, the class members, and the Court for all of the hours worked by Plaintiff and the class members and all monies paid to them;

(c) A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

(d) Certification of, and proper notice to, together with an opportunity to participate in the litigation, the class of all qualifying current and former employees;

(e) Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

(f) A declaratory judgment that Defendants' practices alleged herein violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, et seq. and attendant regulations;

(g) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the Class during the applicable statutory period;

(h) Judgment for damages in an amount in excess of $50,000.00, plus interest, liquidated damages as that term is defined in 29 U.S.C. § 2617.

(i) An order directing Defendants to pay Plaintiff and members of the Class prejudgment interest, reasonable attorney's fees and all costs connected with this action;

(j) Reservation of the right to amend this Complaint as provided by law; and

(k) Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**PLAINTIFF RAYMOND BUFORD,
Individually and on behalf of
Others Similarly Situated**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

By: */s/ Dominique King*
Dominique King
Ark. Bar No. 2015178
dominique@sanfordlawfirm.com

and  */s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com